## Byerly *against* Vankirk.

Rules of court regulating the service of notices relate to causes pending, and not to notices made necessary by statute preparatory to a cause.

In an action against a justice of the peace for marrying a minor, the plaintiff himself may give the requisite preparatory notice; and, in such case, the indorsement of the name and residence of his attorney is unnecessary. And if he do employ an attorney, the act does not require that he shall reside in the county where the justice lives.

ERROR to the common pleas of *Westmoreland* county.

Henry Vankirk against Jacob Byerly, Esquire. Debt for the penalty of 50 pounds, for marrying the plaintiff's minor son.

The preparatory notice, required by the act of assembly, was endorsed, " M'Kennan and Watson, whose office is on Maiden street in the borough of Washington, Washington county, Pennsylvania, are my attorneys." The notice was served by the plaintiff himself, who handed a copy of it to the defendant.

When this notice was offered in evidence, the defendant objected to it on the ground, that it was not served " by being *read and* delivered to the party" in the manner prescribed by the thirty-eighth rule of the court: that " M'Kennan and Watson" is not the name of an attorney; and that the attorneys properly named do not reside in the county.

The court (Young, President) overruled all the objections, and the defendant excepted. The jury gave a verdict for the plaintiff for the penalty of 50 pounds.

*Nichols*, for plaintiff in error.
*Coulter*, for defendant in error.

[Byerly v. Vankirk.]

PER CURIAM.—The rule to regulate the service of notices regards causes depending, and not steps preparatory to a cause. Nor would the court be competent to add to or alter the service prescribed by the statute. As the plaintiff gave notice in person, the indorsements of the names and residence of his attorneys was superfluous. It would have been otherwise had he put the business into the hands of another in order to inform the justice where, and to whom he might tender amends; but he is not compelled to employ an attorney, and where he acts for himself what is he to do? The justice is presumed to know the complainant and his residence. And beside, there is nothing in the statute that requires the residence of the attorney, where there is one, to be in the proper county.

Judgment affirmed.